UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. BIBBS,<br><br>   Plaintiff,<br><br>   v.<br><br>W. J. SULLIVAN, et al.,<br><br>   Defendants. | Case No.: 1:21-cv-01145 ADA CDB (PC)<br><br>**ORDER DENYING MOTION TO STAY AS UNNECESSARY**<br><br>(Doc. 23) |

Plaintiff Martin J. Bibbs is proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

### I.    BACKGROUND

Plaintiff initiated this action with the filing of his complaint on July 23, 2021, in the United States District Court for the Central District of California. (Doc. 1.) The matter was transferred to this Court on July 29, 2021. (Doc. 4.)

The Court issued its First Screening Order on January 23, 2023. (Doc. 13.) The Court found Plaintiff alleged cognizable Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Eaton, Rubalcava, and Chavez, but failed to state any other cognizable claim against any other named defendant. (*Id*. at 12.) As a result, Plaintiff was directed to elect one of the following options: (1) to notify the Court in writing that he did not wish to file a first amended complaint and was willing to proceed only on his claims for deliberate

1    indifference to serious medical need against Defendants Eaton, Rubalcava, and Chavez, in their
2    individual capacities; or (2) to file a first amended complaint curing the deficiencies identified in
3    the screening order; or (3) to file a notice of voluntary dismissal. (*Id*. at 13.)
4         On February 23, 2023, Plaintiff filed notice electing to proceed on the claims found
5    cognizable by the Court and indicating he did not wish to file an amended complaint. (Doc. 14.)
6         On June 1, 2023, District Judge Ana de Alba adopted the undersigned's findings and
7    recommendations (Doc. 15) that Defendants Sullivan, Gonzalez, Tyree, Hernandez, Baniga,
8    Boutte, Leiva, Razo, and Jones be dismissed, and that this action proceed on Plaintiff's Eighth
9    Amendment deliberate indifference to serious medical needs claims against Defendants Eaton,
10   Rubalcava, and Chavez, in their individual capacities. (Doc. 16.)
11        On August 16, 2023, following service of the complaint, Defendants filed an answer to
12   Plaintiff's complaint (Doc. 21), a motion for summary judgment for a failure to exhaust
13   administrative remedies (Doc. 22), and the instant motion to stay (Doc. 23).

14   **II.    DISCUSSION**

15        Defendants seek a stay of discovery pending the outcome of their motion for summary
16   judgment concerning the exhaustion of administrative remedies. (Doc. 23.) Defendants contend
17   "absent an order staying discovery unrelated to the issue of exhaustion, the parties will be
18   required to engage in discovery that, depending on the outcome of Defendants' motion for
19   summary judgment, may be unnecessary." (*Id*. at 3.)
20        Here, while the Court would otherwise be amenable to Defendants' request, a stay is not
21   necessary. The Court has not yet issued a discovery and scheduling order in this action. Typically,
22   with the filing of an answer by defendants, this Court would refer a prisoner civil rights action to
23   early alternative dispute resolution ("ADR") proceedings and stay the action for 90 days.  Here,
24   because Defendants filed their motion for summary judgment contemporaneously with their
25   answer, the Court will not refer this matter for early ADR. Nor will the Court issue a discovery
26   and scheduling order until Defendants' motion has been fully resolved.
27        Once the motion for summary judgment is fully briefed, it will be deemed submitted for
28   decision.  The undersigned carries a heavy caseload and delays are unavoidable. Defendants'

motion will be considered in due course. Discovery will occur only after the motion is resolved, if necessary.

### III. CONCLUSION

For the reasons given above, Defendants' motion for stay (Doc. 23) is **DENIED** as unnecessary. Discovery will commence only after Defendants' motion for summary judgment has been fully resolved and if necessary.

IT IS SO ORDERED.

Dated: **August 17, 2023**

UNITED STATES MAGISTRATE JUDGE